

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 13, 2019

**BY ECF**
The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     ***United States v. Ali Hamilton*, 15 Cr. 854 (SHS)**

Dear Judge Stein:

The Government respectfully submits this letter in advance of the sentencing in this matter, currently scheduled for May 24, 2019, for defendant Ali Hamilton.  On October 22, 2018, Hamilton pled guilty to participating in a racketeering conspiracy, participating in a narcotics conspiracy, committing an assault and attempted murder in aid of a racketeering conspiracy on or about May 5, 2015, and discharging a firearm in furtherance of a crime of violence.  Pursuant to the plea agreement, the defendant's sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is 255 to 288 months' imprisonment, with a mandatory minimum sentence of 180 months' imprisonment (the "Stipulated Guidelines Range").  The Probation Department calculated the same Guidelines Range (PSR ¶ 114) and recommends a sentence of 216 months' imprisonment.  PSR at 29.  For the reasons set forth below, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of imprisonment would be fair and appropriate in this case.

### Background

The Government has set forth a detailed factual background of this case and this defendant's offense conduct in its letter dated January 27, 2019 regarding the relative culpability of the eight defendants charged in this matter (the "Relative Culpability Letter").  That letter explains the history of the Beach Avenue Crew, which controlled narcotics distribution in its territory for nearly a decade and maintained that control by intimidating outsiders, possessing firearms, and engaging in acts of violence.  As explained in the Relative Culpability Letter and as set forth in the PSR, the defendant sold crack cocaine to end users around Beach Avenue and as part of the Beach Avenue Crew for several years until he was arrested in October 2015.

For defendant Hamilton, the most troubling conduct is the shooting that occurred on May 5, 2015 where an innocent bystander (the "Victim") was shot in the head and the Victim's life forever changed.  (PSR ¶ 35).  It is a miracle that the Victim did not die.  In addition to this aggregious act of violence, over the course of his membership in the Beach Avenue Crew,

Hon. Sidney H. Stein
May 13, 2019
Page 2 of 3

Hamilton was responsible for distributing at least 280 grams of crack cocaine, and he possessed firearms to protect the Crew's drug territory from rivals. (*Id.*)

The parties and the PSR agree that the defendant's total offense level is 33. (PSR ¶ 14). With a criminal history category of I, and a mandatory minimum sentence of 120 months' imprisonment for the discharge of a firearm (which must run consecutive to any other sentence imposed) the defendant's applicable Guidelines sentencing range is to 255 to 288 months' imprisonment (with a mandatory minimum sentence of 180 months' imprisonment)—the same Stipulated Guidelines Range in the parties' plea agreement. (PSR ¶ 14). The PSR recommends a Guidelines sentence of 216 months' imprisonment. (PSR at 29).

## Applicable Law

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez* v. *United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh* v. *United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing outlined in 18 U.S.C. § 3553(a)(2). To the extent a district court imposes a sentence outside the range recommended by the Guidelines, it must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall*, 552 U.S. at 50).

## A Sentence Within the Stipulated Guidelines Range Is Appropriate

The Government respectfully submits that a sentence within the Guidelines range of 255 to 288 months' contemplated by the plea agreement is warranted in this case. In particular, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for specific deterrence all weigh in favor of a Guidelines sentence.

The seriousness of the offense weighs heavily in favor of a Guidelines sentence. The defendant shot an innocent bystander in the head (nearly killing the Victim), assaulted a gang member in prison shortly afterwards, threatened a cooperating witnesses' children, sold crack cocaine on a steady basis for the gang, and readily carried a firearm to protect Beach's drug terriroty (PSR at ¶¶ 34, 35.) The seriousness of the conduct alone warrants a Guidelines sentence of imprisonment. Moreover, while drug dealing inflicts serious harm independent of gang activity, the defendant's membership in the Beach Avenue Crew compounded the harmful impact of his narcotics distribution, which was conducted with, and in furtherance of, the crew's violence.

Hon. Sidney H. Stein
May 13, 2019
Page 3 of 3

This defendant is the must culpable of the members of the crew because of the May 5, 2015 shooting, coupled with his drug dealing, witness intimidation, and prison assault.  A Guidelines sentence is appropriate to provide just punishment for the defendant's dangerous, violent conduct.

The defendant's personal history and characteristics similarly support a Guidelines sentence that will achieve the objective of deterrence and promote respect for the law.  Over the course of his participation in the racketeering and narcotics conspiracies in this case, the defendant sustained a felony drug conviction and sold crack to an undercover officer while in the Bronx. (PSR ¶ 75.)  This prior conviction did not deter him from continued criminal activity, including possessing firearms and committing acts of violence on behalf of a violent street gang.  A Guidelines sentence is appropriate to protect the public from future crimes of the defendant and to promote specific and general deterrence.

### Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 255 to 288 months' imprisonment would be fair and appropriate in this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: __/s/_____
    Maurene Comey
    Karin Portlock
    Jacob Warren
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-2324 / 1589 / 2264

cc:    Sam Talkin, Esq. (by ECF)